UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY D. WILKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. TIBBLES, et al.,<br><br>    Defendants. | No. 2:16-cv-2196 JAM CKD P<br><br><br>ORDER |

I. Introduction

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) This action was removed to federal court pursuant to 28 U.S.C. § 1441(b), and defendants have paid the filing fee. (ECF No. 1.) Before the court is defendants' motion to screen the complaint pursuant to 28 U.S.C. § 1915A(a). (ECF No. 2.)

II. Screening Standard

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   In order to avoid dismissal for failure to state a claim a complaint must contain more than
9   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
10  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
11  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
13  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
14  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
15  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
16  at 678.  When considering whether a complaint states a claim upon which relief can be granted,
17  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
18  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
19  U.S. 232, 236 (1974).

20  III.  Discussion

21  Plaintiff alleges that on July 27, 2015, he spoke to his attorney about safety concerns with
22  his cellmate.  (ECF No. 1-1 at 6.)  On August 6, 2015, "plaintiff was placed in administrative
23  segregation by [defendant] Lieutenant Robert Slater for an incident that never happened."  (Id.)
24  Slater signed an Administrative Segregation Unit Placement Notice that stated in part: "[W]hen
25  you are assigned a cellmate you continually get naked and exhibit bizarre behavior putting your
26  and your cellmate at risk of injury.  . . . [Y]our continued presence in General Population is
27  deemed a threat to the safety and security of the institution, its staff and inmates.  You shall
28  remain in ASU pending administrative review and investigation."  (ECF No. 1-1 at 17.)

1    Similarly, on August 12, 2015, defendant Sergeant M. Tibbles "generated an [RVR]
2 stating that this plaintiff [engaged in] bizarre behavior in order to pressure other inmates out of
3 the cell with him." (Id.) Plaintiff alleges that both reports were false, and that Slater and Tibbles
4 engaged in retaliation for protected activity in violation of the First Amendment.

5    After a disciplinary hearing on the RVR, plaintiff was found guilty of "refusing assigned
6 housing" and assessed a 90-day loss of custody credits. (ECF No. 1-1 at 55.) Plaintiff asserts
7 that, in his handling of the disciplinary hearing, Slater violated his federal due process rights
8 under Wolff v. McDonnell, 418 U.S. 539 (1974).

9    To establish a claim for retaliation, a prisoner must show that a prison official took some
10 adverse action against an inmate because of that prisoner's protected conduct, that the action
11 chilled the inmate's exercise of his constitutional rights, and the action did not advance a
12 legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). Here,
13 as plaintiff was found guilty of the disciplinary charge of refusing a cellmate, it appears that
14 defendants' reports served a legitimate correctional goal.

15    It further appears that this action is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In
16 Heck, the Supreme Court held that to recover damages for "harm caused by actions whose
17 unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that
18 the conviction or sentence was reversed, expunged, or otherwise invalidated. Id. at 486–487.
19 The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily
20 imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of
21 habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S.
22 749, 750–751 (2004). Accordingly, "a state prisoner's [section] 1983 action is barred (absent
23 prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target
24 of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if
25 success in that action would necessarily demonstrate the invalidity of confinement or its
26 duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005).

27    If plaintiff prevails on his claims, a judgment in his favor will necessarily imply the
28 invalidity of his disciplinary conviction and any resulting credit loss. See Edwards, 520 U.S. at

3

644, 647. Consequently, plaintiff's §1983 action cannot proceed unless and until his disciplinary conviction is invalidated as required by Heck and Edwards.[1]

Thus the complaint will be dismissed. Plaintiff will be granted one opportunity to amend the complaint in order to show that the disciplinary conviction that is the subject of this action has been invalidated, or any other reason why the Heck bar does not apply.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). If plaintiff chooses to amend the complaint, he should set forth a "short and plain statement" of his claim and any related claims against the appropriate defendants.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

---

[1] Plaintiff is advised that prison inmates may challenge disciplinary convictions resulting in loss of credits in a petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254. An inmate's rights arising under federal law concerning disciplinary proceedings which result in the loss of good conduct sentence credit are, generally speaking, limited to the following:
    1) Advance written notice of the charges;
    2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his or her defense;
    3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and
    4) That the findings of the prison disciplinary board be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985).

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' motion for screening (ECF No. 2) is granted;

2. The complaint is dismissed without prejudice; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: December 5, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 /wilk2196.14.new